IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, *not in its individual capacity but solely as Certificate Trustee of Bosco Credit II Trust Series 2010-1*, Plaintiff, <br><br> v. <br><br> JUVENAL RIVERA, JR. and MARCY RIVERA, Defendants. | § § § § § § § § § § § § | A-25-CV-826-ADA-ML |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff's Motion for Default Judgment (Dkt. 10).[1] After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned recommends the following.

I. **BACKGROUND**

On May 25, 2006, Defendant Juvenal Rivera, Jr. ("Borrower") executed a Note (the "Note") payable to Resmae Mortgage Corporation in the principal amount of $22,900.00 with an interest rate of 9.70% per annum. Dkt. 1 (Compl.) ¶ 14; Dkt. 1, Ex. B (Note). To secure repayment of the Note, Borrower contemporaneously executed a Purchase Money Deed of Trust ("Deed of Trust") that encumbers the property[2] with his non-borrowing wife, Defendant Marcy Rivera. *Id.* ¶

---

[1] United States District Judge Alan D Albright referred motions in this case to the undersigned for disposition or report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Standing Order dated Feb. 27, 2025.

[2] The property refers to real property and improvements commonly known as 713 West Irvin Ave., Temple, TX 76501. Compl. ¶ 4. The property is valued at $200,658.00. Dkt. 1, Ex. A.

1

15; Dkt. 1, Ex. C (Deed of Trust). Collectively, the Note and the Deed of Trust comprise Defendants' Loan Agreement. The Note required Borrower to begin making payments on July 1, 2006, with the loan maturing on June 1, 2021. Deed of Trust at 2. The Note provides that if Borrower is in default, the maturity date may be accelerated. *Id.* ¶ 16.

A chain of transfers and assignments caused Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate of Trustee of Bosco Credit II Trust Series 2010-1, to become the holder and owner of the Note, the beneficiary of the Deed of Trust, and the mortgagee as defined by the Texas Property Code § 51.0001(4). Compl. ¶¶ 17-19. After payments ceased being made on the Note, Plaintiff notified Borrower that he was in default and that Plaintiff intended to accelerate, and Plaintiff demanded Borrower bring the Note current. *Id.* ¶ 21. One month later, when Borrower had failed to cure the default, Plaintiff accelerated the loan. *Id.* ¶ 22. As of March 20, 2025, the total amount to pay off the loan was $13,963.50. *Id.* ¶ 23.

Plaintiff filed suit on May 30, 2025 alleging breach of contract and seeking declaratory relief and non-judicial or judicial foreclosure. *Id.* ¶¶ 26-36. Plaintiff also alleges it has been damaged in an amount at least equal to the payoff of the Loan Agreement, which continues to accrue, and is further entitled to attorneys' fees, court costs, and interest. *Id.* ¶ 38. Defendants were served with a copy of Plaintiff's Original Complaint and summons via personal service on June 10, 2025 at the property. Dkts. 6, 7; Dkt. 10 ¶¶ 2-3. Neither Defendant has answered or otherwise appeared in this case. At Plaintiff's request, the Clerk's Office entered default against Defendants. Dkt. 9. Plaintiff now moves for entry of default judgment against Defendants. Dkt. 10. Specifically, Plaintiff seeks the following:

    A. Judgment against Defendants for court costs;

    B. Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

    C. Judgment declaring that Plaintiff is the owner and holder of the Note, with standing to enforce the Security Instrument;

    D. Judgment against Defendants declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

    E. Judgment against Defendants declaring that Plaintiff, its successors and assigns, may proceed with non-judicial foreclosure of the Property pursuant to the Security Instrument and the Texas Property Code; and

    F. Any other relief to which the Court deems Plaintiff is entitled.

Dkt. 10 at 4-5. Plaintiff represents that its attorneys' fees and costs will be determined by a subsequent motion pursuant to Rule 54. Dkt. 10-2 at 3; FED. R. CIV. P. 54.

## II.   STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court. *See* FED. R. CIV. P. 55(b)(2). In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant, FED. R. CIV. P. 55(a); (2) entry of default by the Clerk's Office, FED. R. CIV. P. 55(a); and (3) entry of a default judgment by the district court, FED. R. CIV. P. 55(b); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Additionally, in order to obtain a default judgment, the movant must establish that the defendant is neither a minor nor an incompetent person, and that the defendant is not in military service. 50 U.S.C. § 3931; *Bank of New York Mellon Tr. Co., N.A. v. Hancock*, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020). Where a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002).

"Default judgments are a drastic remedy" and thus are "resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right,

even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (default is not treated as an absolute confession by defendant of liability and of plaintiff's right to recover). A court must accept pleaded facts as true but must also determine whether those facts state a claim upon which relief may be granted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants).

Courts use a three-part test to determine when to enter a default judgment. The court first considers whether the entry of default judgment is procedurally warranted. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *2 (W.D. Tex. May 25, 2018); *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Fifth Circuit has set forth six factors for a court to consider in determining whether a default judgment is procedurally proper: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *United States v. Padron*, No. 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May 12, 2017); *see Lindsey*, 161 F.3d at 893.

Next, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing *Nishimatsu*, 515 F.2d at

4

1206). In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3.

Finally, the court determines what form of relief, if any, the plaintiff should receive. *Id*. While damages are normally not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Id*. (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

### III.    ANALYSIS

#### A.  Whether Default Judgment is Procedurally Warranted

Defendants are individuals who reside in the State of Texas and are neither minors nor incompetent persons. Dkt. 10-1 at 1-3 (Gibson Decl.) ¶¶ 4, 5. Neither Defendant is in active military service, and both Defendants received personal service of this action. Dkt. 10-1 at 5-8; Gibson Decl. ¶¶ 4, 6. The Clerk of Court has entered default against Defendants. Dkt. 9. Accordingly, the undersigned finds default is proper as to both Defendants.

Additionally, no material issues of fact are at issue because Defendants have not appeared or disputed them. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3. Plaintiff's interests are prejudiced because Defendants' failure to respond halts the adversary process. *PHH Mortgage Corp. v. Atkins*, 2025 WL 1490542, at *3 (S.D. Tex. Apr. 3, 2025). Plaintiff has established its grounds for default in its allegations and exhibits including the Note and Deed of Trust. Compl.; Dkt. 10. Furthermore, there is no evidence that Defendants' silence is the result of a good faith mistake or excusable neglect, and any potential harshness of default judgment is mitigated by Defendants being issued a notice of default and intent to accelerate, a notice of acceleration, and

service of the Complaint and summons. Compl. ¶¶ 21-22; *see PHH Mortgage*, 2025 WL 1490542, at *3. Furthermore, Defendants have had every opportunity to make an appearance in this case since May 30, 2025. Compl. Finally, there does not appear to be any basis upon which the court would be obligated to set aside the default. *See Wells Fargo Bank, N.A. v. Hodges*, 2023 WL 2058705 (E.D. Tex. Jan. 25, 2023) (finding the same where plaintiff was found to be entitled to default judgment and to foreclose on the defendants' property), *report and recommendation adopted*, 2023 WL 2403150 (E.D. Tex. Mar. 7, 2023). Accordingly, the undersigned finds default is procedurally proper as to Defendants.

### B. Whether Default Judgment is Substantively Warranted

Plaintiff seeks a declaratory judgment stating it has the right to enforce the power of sale contained in the Deed of Trust through a non-judicial foreclosure on the property.[3] *Id.* To foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd* 583 F. App'x. 306 (5th Cir. 2014); TEX. PROP. CODE § 51.002.

#### 1. Foreclosure is Authorized

Plaintiff alleged that the original Note was payable to Resmae Mortgage Corporation and that the Deed of Trust named a beneficiary as a designated nominee for Resmae. Compl. ¶¶ 14-17. Plaintiff alleged successive transfers and assignments of rights under the Loan Agreement and included the assignments as exhibits. *Id.* ¶¶ 14-18; Dkt. 1, Exs. B-E. Accordingly, as a preliminary

---

[3] Specifically, Plaintiff asks the court to declare (1) that Plaintiff is the owner and holder of the Note, with standing to enforce the Deed of Trust; (2) that the following are secured by the Deed of Trust on the property: (a) the outstanding balance of the Note, (b) pre-judgment interest, (c) post-judgment interest from the date of judgment until paid, and (d) court costs; and (3) that Plaintiff may proceed with non-judicial foreclosure of the property. Dkt. 10 at 4-5.

matter, the undersigned finds Plaintiff is the current owner and holder of the Note, the beneficiary of the Deed of Trust, the mortgagee, and has standing to enforce the Deed of Trust.

Furthermore, the Complaint presents sufficient factual allegations, which alongside Plaintiff's exhibits, demonstrate all elements for an order authorizing foreclosure. First, Plaintiff demonstrates that a debt exists by providing a copy of the Note and Deed of Trust executed by Defendants as well as the Notice of Default. Compl. ¶¶ 19-21; Note; Deed of Trust; Dkt. 1, Ex. F. Second, by providing the Deed of Trust, which was recorded in Bell County where the property is located, Plaintiff shows that a lien has been created that secures the debt under Texas law. Compl. ¶¶ 17-18; Dkt. 1, Exs. D, E. Third, Plaintiff has provided evidence of Defendants' default by mailing a Notice of Default and Intent to Accelerate and a Notice of Acceleration, which included a calculation of the overdue payment due on the Note, to Defendants. Compl. ¶¶ 21, 23; Dkt. 1, Exs. F, G. Finally, Plaintiff has shown that Defendants were mailed the Notice of Default and Notice of Acceleration in accordance with the Loan Agreement and the Texas Property Code.[4] Deed of Trust ¶ 16. Counsel for Plaintiff mailed the Notice of Default and Intent to Accelerate and the Notice of Acceleration to Defendants' address of record, the property, by certified and regular mail. Compl. ¶¶ 21-22; Dkt. 1, Exs. F, G. Therefore, Plaintiff has satisfied the requirements for a non-judicial foreclosure under Texas law.

### 2. Declaratory Judgment is Appropriate

Because Plaintiff provides a sufficient basis in the pleadings for default judgment, the court must determine what form of relief, if any, Plaintiff should receive. In its motion, Plaintiff does

---

[4] Under Texas Property Code § 51.002, a mortgagee seeking to foreclose on a security instrument must provide written notice by certified mail to the debtor stating that the debtor is in default under the security instrument and allow at least twenty days to cure the default prior to initiating foreclosure proceedings. Tex. Prop. Code § 51.002(d). Further, service by certified mail is complete under this section "when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Tex. Prop. Code § 51.002(e).

not seek monetary damages against Defendants but instead seeks a declaratory judgment that Plaintiff is authorized to exercise its power of sale under the Deed of Trust through a non-judicial foreclosure on the property. Dkt. 10 at 3. Upon consideration of a motion for default judgment, courts regularly recommend awarding a judgment permitting the enforcement of a security instrument against real property through non-judicial foreclosure. *See, e.g., Hodges*, 2023 WL 2058705, at *7 (collecting cases). When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether an "actual controversy" exists between the parties to the action. *Id.* Second, if the court has jurisdiction, it must determine whether it has the "authority" to grant declaratory relief. *Id.* Finally, the court must determine whether to exercise its discretion to decide or dismiss the declaratory action. *Id.*

As established, an actual controversy exists between the parties' due to Defendants' default on the Loan Agreement and Plaintiff's desire to foreclose the property. Compl. ¶¶ 21-22, 24. Second, nothing before the court indicates the existence of a related state-court action, and the court has diversity jurisdiction over this action because the parties are diverse in citizenship[5] and the amount-in-controversy is more than $75,000.[6] Finally, the factors of fairness do not weigh against this court hearing this action, and there is no indication that this action is duplicative of any other existing litigation. Accordingly, the undersigned finds a declaration that Plaintiff may foreclose on Defendants' interests in the property to be appropriate relief.

---

[5] Plaintiff is a citizen of Delaware; Defendants are both citizens of Texas. Compl. ¶¶ 6-10.
[6] For declaratory actions, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019). Plaintiff seeks a declaratory judgment authorizing it to foreclose on a mortgage loan that encumbers the property, which is valued at $200,658.00 pursuant to the Bell County Appraisal District. Compl. ¶ 10; Dkt. 1-1 at 2-3.

### C. Costs and Interest

#### 1. Fees and Costs

Plaintiff seeks attorneys' fees as permitted under the Loan Agreement. Deed of Trust ¶ 7. Texas law provides that a prevailing party "may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(b). Texas law also presumes that "the usual and customary attorney's fees for a [contract claim] are reasonable." *Id.* § 38.003. Plaintiff may be considered the prevailing party because the undersigned is recommending affirmative relief, in the form of a declaratory judgment, in Plaintiff's favor.

While Plaintiff appears to be entitled to attorneys' fees and costs under the Loan Agreement, Plaintiff has not provided sufficient information for the court to rule on its request for such fees and costs. For example, Plaintiff did not request any specific amount of attorneys' fees and costs, nor did it provide an affidavit from its counsel testifying to the reasonableness and necessity of the requested attorneys' fees. *See* FED. R. CIV. P. 54(d); *see also Aguacates Seleccionados JBR USA, LLC v. Bucks Fresh Produce, LLC*, 2020 WL 2193501, at *13 (S.D. Tex. May 6, 2020) ("There is no affidavit from an attorney employed by [the law firm] and there are no documents from the firm evidencing the hours billed. As such, the court does not have adequate information by which it can determine whether the attorney's fees requested for the work performed by [the firm] are reasonable."), *on reconsideration*, 2020 WL 4883898 (S.D. Tex. Aug. 20, 2020). The undersigned thus recommends that the District Judge deny without prejudice Plaintiff's request for attorneys' fees and costs.

*2. Interest*

Plaintiff does not request a monetary award of prejudgment and post-judgment interest. Rather, it requests that the court declare that interest is secured by the Deed of Trust. Dkt. 10 at 4-5. Under the Loan Agreement, and as alleged by Plaintiff, Plaintiff is entitled to a contractual yearly rate of 9.700% interest on the unpaid principal. *See* Note at 1; Compl. ¶ 14.

Federal law applies to the award of post-judgment interest. *See Travelers Ins. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citing *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 689 (5th Cir. 1989)). In particular, "[i]nterest shall be allowed on any monetary judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, Plaintiff is entitled to receive post-judgment interest on the entire amount of the final judgment as calculated pursuant to § 1961.

**IV.   RECOMMENDATION**

For the reasons above, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART and DENY IN PART** Plaintiff's Motion for Default Judgment (Dkt. 10).

Specifically, the undersigned **RECOMMENDS** that the District Judge enter default judgment against Defendants and issue a declaratory judgment in Plaintiff's favor, declaring that:

1. Plaintiff is the owner and holder of the Note, with standing to enforce the Deed of Trust;

2. The following are secured by the Deed of Trust on the property: (a) the outstanding balance of the Note, (b) pre-judgment interest, and (c) post-judgment interest from the date of judgment until paid; and

3. Plaintiff may proceed with non-judicial foreclosure of the property.

The undersigned further **RECOMMENDS** that the District Judge **DENY WITHOUT PREJUDICE** Plaintiff's request for attorneys' fees and costs.

V. **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED September 24, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE